# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIE M. WAHLE, | ) |
|          Plaintiff, | ) |
| vs. | )   CIVIL NO. 08-110-GPM |
| UNUM LIFE INSURANCE COMPANY OF AMERICA and CHESTNUT HEALTH SYSTEMS, INC., | ) |
|          Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on January 16, 2009, for hearing on Defendants' motion for summary judgment. For the following reasons and for those set forth on the record during the hearing, the motion is granted.

Plaintiff seeks long term disability benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiff began working for Defendant Chestnut Health Systems, Inc., in 1990. She worked as an addiction counselor, developing written materials used in programs for group sessions with youths addicted to drugs or alcohol and conducting group meetings. Plaintiff's job was performed mostly at a desk – approximately 6 hours per day sitting and 2 hours walking or standing. She stopped working on approximately June 1, 1998, due to bulging discs, bilateral carpal tunnel syndrome, diabetes, plantar fasciitis, fibromyalgia, and migraine headaches. Plaintiff received social security disability insurance benefits from June 1998

through November 1998. Defendant Unum Life Insurance Company of America initially approved Plaintiff's claim for long-term disability benefits based on a Mental and Nervous limitation under the Policy and made payments for a 24-month period ending November 27, 2000. The 24-month maximum benefit period for a mental disability expired, and Unum suspended payments, determining that Plaintiff was no longer eligible. Unum reviewed the claim several times at Plaintiff's request and paid an additional 16 months of benefits during some of these reviews. Unum made its final decision that Plaintiff was not eligible for further benefits on October 17, 2003. Plaintiff filed this action on February 19, 2008.

Defendants never raised the fact that Plaintiff did not sue the actual plan under which she claims she is entitled to benefits. When asked about this during hearing, counsel for Defendants stated that because Unum paid the benefits under the plan, Defendants chose to waive any such argument.

Defendants make two arguments for summary judgment: (1) Plaintiff's action is time-barred by the 3-year limitations period set forth in the Policy and (2) Unum's decision to discontinue payments is supported by the terms of the Policy and substantial evidence in the administrative record – specifically, Unum reasonably determined that Plaintiff was not precluded from performing the material and substantial duties of her occupation. The Court need not reach the second argument because Plaintiff's action is untimely.

The Policy provides: "You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise required by federal law." Plaintiff's argument seems to be that she was complaining about her physical ailments but Unum construed it under the mental disability provision, which has a 24-

month limit. This necessitated several requests for further review and ultimately 16 more months of payment. Plaintiff includes in her response to the motion for summary judgment a time-line setting forth relevant dates (*see* Doc. 35). Unum issued the final denial letter on October 17, 2003. On January 19, 2005, Unum sent a notice that Plaintiff's claim was eligible for review under a multistate settlement with insurance regulators. That letter is attached to Plaintiff's response, along with a claim form that required her to resubmit any request for review by March 20, 2005; she never did so. Then she filed suit in state court on September 20, 2005, which was removed to this district court on January 13, 2006 and actually assigned to the undersigned district judge. *See Wahle v. Unumprovident*, civil case no. 06-27-GPM. After a hearing in that case, this Court found that state law claims were preempted by ERISA and granted Plaintiff leave to file an amended complaint. She never did so but instead voluntarily dismissed the action without prejudice on June 20, 2006. The current action was not filed until February 14, 2008. She does not, and cannot, argue that any tolling statute applies. She further conceded at the hearing that the multistate settlement opportunity does not help her because she never availed herself of it.

The Court need not decide the actual trigger date because even assuming it was the latest possible, *i.e.*, when she exhausted her administrative remedies in October 2003, Plaintiff's action is untimely. She argues that application of the limitation period is unreasonable because the denial letter did not include the time limitation. The fact that she previously filed a timely action eviscerates this argument. She cannot now claim that she was unaware of when to file suit when she already filed suit and voluntarily dismissed it. This action is clearly untimely, and Defendants are entitled to summary judgment.

For these reasons, Defendants' motion for summary judgment (Doc. 33) is **GRANTED**. The

Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED: 01/23/09

                                              s/ *G. Patrick Murphy*
                                              G. PATRICK MURPHY
                                              United States District Judge